**Jesus Geles VALENCIA, Petitioner, Appellant,**

v.

**UNITED STATES of America, Respondent, Appellee.**

No. 89–1648.

United States Court of Appeals, First Circuit.

Heard Jan. 12, 1990.

Decided Jan. 23, 1991.

918

Steven A. Feldman, by Appointment of the Court, with whom Feldman and Feldman, Long Beach, N.Y., was on brief, for petitioner.

Jorge E. Vega–Pacheco, Asst. U.S. Atty., Criminal Div., San Juan, P.R., with whom Daniel F. Lopez–Romo, U.S. Atty., Hato Rey, P.R., was on brief, for U.S.

Before SELYA, ALDRICH and CYR, Circuit Judges.

CYR, Circuit Judge.

Jesus Geles Valencia petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2255, challenging the validity of the judgment of conviction and sentence entered by the United States District Court for the District of Puerto Rico on Geles' guilty plea to the crime of possessing, with intent to distribute, a Schedule I controlled substance aboard a vessel subject to the jurisdiction of the United States. The district court dismissed the petition. Petitioner appealed. We vacate the dismissal order and remand for further proceedings.

I

On the morning of November 20, 1986, Coast Guard personnel aboard the Cutter USS McCLOY spotted the M/V SEE WONDERER in international waters. SEE WONDERER was flying no flag. Her master claimed that SEE WONDERER was of Honduran registry, and that she was en route to Aruba with a cargo of electronic parts. A Honduran flag was raised aboard SEE WONDERER, and the master refused permission to board.

Honduran officials advised that SEE WONDERER was not registered in Honduras. When the Coast Guard again was refused permission to board, SEE WONDERER was ordered to stop and prepare for boarding. SEE WONDERER finally stopped her engines after she was hosed with water from the McCLOY. After boarding SEE WONDERER, Coast Guard personnel discovered marihuana in her hold. The nine men on board SEE WONDERER, including petitioner Geles Valencia, were arrested and transferred to the USS McCLOY.

On November 26, 1986, an indictment was returned against petitioner and the eight others arrested aboard the SEE WONDERER. The indictment charged that the defendants, "[o]n November 20, 1986, on the high seas on board a vessel subject to the jurisdiction of the United States, that is the M/V See Wonderer ... aiding and abetting each other, did unlawfully, knowingly and intentionally possess with intent to distribute approximately 98,-

325 pounds (gross weight) of marihuana a Schedule I Controlled Substance ... in violation of Title 18, United States Code, Section 2 and Title 21, United States Code, Sections 955a(a) and 955a(f)."

All defendants moved to dismiss the indictment on the grounds that it failed to charge a crime and that the court lacked subject matter jurisdiction. Defendants asserted, *inter alia,* that SEE WONDERER, being of Honduran registry, was not a "stateless" vessel and, therefore, was not "subject to the jurisdiction of the United States." Defendants contended that the initial failure to obtain confirmation of her Honduran registry was due to the expiration of SEE WONDERER's registration.

After hearing, the district court denied the motion to dismiss. The court determined that SEE WONDERER was subject to the jurisdiction of the United States District Court for the District of Puerto Rico, even if she was not "stateless," because Honduras had consented to her boarding. Petitioner soon informed the court that he intended to plead guilty. At the change of plea hearing, *see.* Fed.R.Crim.P. 11, petitioner entered an unconditional guilty plea, which was accepted by the district court. The district court sentenced petitioner to a term of imprisonment of twenty years.

Thereafter, petitioner commenced the present habeas corpus proceeding under 28 U.S.C. § 2255, contending that (i) his guilty plea was involuntary (a) by reason of ineffective assistance of counsel and (b) because he was not aware of "the essential elements of [the] offense," (ii) the district court was without subject matter jurisdiction as SEE WONDERER was not "stateless," and (iii) the sentence imposed on petitioner was disproportionately severe in violation of the Fifth Amendment to the United States Constitution.

The United States magistrate recommended dismissal of the habeas petition. The magistrate's report discussed petitioner's jurisdictional, ineffective assistance,

and fifth amendment claims, but did not consider the involuntary plea claim based on petitioner's contention that he was never informed of the essential elements of the offense. The petitioner interposed timely objection to the magistrate's recommended disposition, but only to its treatment of the ineffective assistance claim. The district court, *sua sponte,* addressed the issue of subject matter jurisdiction as well, but did not consider whether petitioner's guilty plea was knowing and intelligent. The district court accepted the magistrate's recommendation and dismissed the petition.

## II

The indictment charged petitioner, and eight others, with aiding and abetting the possession of 98,325 pounds of marihuana, with intent to distribute, in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 955a(a) & 955a(f). Section 955a(a), since superseded, provided that:

> It is unlawful for any person on board a vessel of the United States, or on board a vessel *subject to the jurisdiction of the United States* on the high seas, to knowingly or intentionally manufacture or distribute, a controlled substance.

(Emphasis added.)

Prior to November 20, 1986, the date of these offenses, however, section 955a(a) had been amended and recodified at 46 U.S.C.App. § 1903(a),[1] which provides in relevant part that:

> It is unlawful for any person on board a vessel of the United States, or on board a vessel *subject to the jurisdiction of the United States* ... to knowingly or intentionally manufacture or distribute, a controlled substance.

(Emphasis added.)

Although both section 1903(a) and superseded section 955a contain the same term— "subject to the jurisdiction of the United States," section 1903 defines the term more broadly than did section 955a(a),[2] as includ-

---

1. Section 955a was superseded on October 27, 1986, by Pub.L. No. 99–570, § 3202 (The Maritime Drug Law Enforcement Act), codified at 46 U.S.C.App. §§ 1901–1903.

2. Under superseded section 955a(a), vessels "subject to the jurisdiction of the United States" included only "stateless" vessels and their equivalent. *See* 21 U.S.C. § 955b(d) (1982). Present

ing, *inter alia*, "a vessel registered in a foreign nation where the flag nation has consented or waived objection to the enforcement of United States law by the United States," 46 U.S.C.App. § 1903(c)(1)(C). *See United States v. Doe,* 878 F.2d 1546, 1549 (1st Cir.1989).

Petitioner challenges the district court ruling that petitioner, though indicted under superseded section 955a(a), was nevertheless lawfully convicted under successor section 1903(a) as he was aboard a vessel "subject to the jurisdiction of the United States" since Honduras consented to SEE WONDERER's boarding. Petitioner invites particular attention to the very similar· circumstances presented in *United States v. Doe,* 878 F.2d 1546, and *United States v. Potes,* 880 F.2d 1475 (1st Cir. 1989), where the defendants, like petitioner, were charged under superseded section 955a(a) rather than successor section 1903(a).

*Doe* and *Potes* rejected contentions that flag nation consent was sufficient to sustain convictions under indictments alleging violations of superseded section 955a(a). As we said in *Doe,* 878 F.2d at 1549–1550:

> One reading it would simply think that the indictment charged the crime of possessing drugs on an American or a Stateless vessel, not on a foreign vessel. And, as we have specifically held, the two crimes are different.... [G]iven the fact that a defendant reading the indictment would find it impossible to know that the Government was charging a 'foreign vessel/with permission' drug crime, we cannot say this mistake was 'harmless,' or that defendants were not 'misled to their prejudice.'

(Citations omitted.)

*See also Potes,* 880 F.2d at 1479 ("since appellants were indicted not under 46 U.S. C.App. § 1903(a) but under former 21 U.S.C. § 955a(a), the indictment did not inform them that they would be tried for the offense of possessing marihuana on a for-

eign vessel whose flag nation had provided its consent").

It would be a mistake to conclude, however, that our primary concern in *Doe* and *Potes* was with the lack of notice provided by the indictment, since our citations to *Stirone v. United States,* 361 U.S. 212, 217, 80 S.Ct. 270, 273, 4 L.Ed.2d 252 (1960), make clear that we considered the government to have effected constructive amendments of those indictments, which "destroyed the defendant's substantial right to be tried only on charges presented in an indictment returned by a grand jury." *See Doe,* 878 F.2d at 1550 (citing also *United States v. Miller,* 471 U.S. 130, 138–139, 105 S.Ct. 1811, 1816, 85 L.Ed.2d 99 (1984), and *United States v. Santa–Manzano,* 842 F.2d 1, 2–3 (1st Cir.1988) (both holding it unlawful to convict a defendant "of an offense not charged in the indictment")). "Deprivation of such a basic right is far too serious to be treated as nothing more than a variance and then dismissed as harmless error." *Stirone,* 361 U.S. at 217, 80 S.Ct. at 273; *see also Doe,* 878 F.2d at 1549–50.

While *Doe* and *Potes* precluded petitioner's conviction under section 1903 merely on evidence of flag nation consent, the present case involves significant variations from the theme in those cases. First, petitioner pled guilty and did not put the government to its proof at trial. Second, it is not clear that the government could not have established that SEE WONDERER was a "stateless" vessel.

 It is well settled that a valid guilty plea waives all non-jurisdictional defects in the indictment. *See, e.g., United States v. Chantal,* 902 F.2d 1018, 1020 (1st Cir.1990); *Gioiosa v. United States,* 684 F.2d 176 (1st Cir.1982). "[A] defendant who pleads guilty may not later contest the factual and theoretical foundations of the indictment to which he has pled." *United States v. Rivera Ramos,* 856 F.2d 420, 423 (1st Cir.1988).

---

section 1903 includes, *inter alia,* "stateless" vessels and their equivalent within its definition of "vessels subject to the jurisdiction of the United

States." *See* 46 U.S.C.App. § 1903(c)(1)(A) & (B).

■ A valid guilty plea does not waive jurisdictional defects, however. *See United States v. Broce*, 488 U.S. 563, 569, 109 S.Ct. 757, 762, 102 L.Ed.2d 927 (1989); *United States v. Montilla*, 870 F.2d 549, 552 (9th Cir.1989). Petitioner asserts that the present indictment suffers from a jurisdictional defect in that there is no evidence that SEE WONDERER was "stateless." Although the issue is not free from doubt, *see, e.g., United States v. Pinto–Mejia*, 720 F.2d 248, 256–261 (2d Cir.1983) (statelessness is an element of subject matter jurisdiction), the better view may be that a valid guilty plea, as "an admission of all the elements of a formal criminal charge," *McCarthy v. United States*, 394 U.S. 459, 466, 89 S.Ct. 1166, 1171, 22 L.Ed.2d 418 (1969), admits even those allegations which form the factual predicate for federal jurisdiction. *See Mack v. United States*, 853 F.2d 585, 586 (8th Cir.1988); *United States v. Mathews*, 833 F.2d 161, 163–164 (9th Cir.1987); *United States v. Hoyland*, 264 F.2d 346, 351–353 (7th Cir.1959). For present purposes, however, we merely assume, *arguendo*, that a valid guilty plea waives the right to challenge "jurisdictional facts" alleged in the indictment, and we turn to examine the validity of petitioner's plea.

■ Prior to accepting a guilty plea, the district court "must address the defendant personally in open court and *inform the defendant* of, and determine that the defendant understands ... the nature of the charge to which the plea is offered...." Fed.R.Crim.P. 11(c)(1) (emphasis added); *see also Brady v. United States*, 397 U.S. 742, 748, 90 S.Ct. 1463, 1468, 25 L.Ed.2d 747 (1970) (court must determine that plea is knowing and intelligent); *United States v. Kobrosky*, 711 F.2d 449, 455 (1st Cir. 1983) (same). The defendant must be informed of every essential element of the

alleged offense, *see, e.g., McCarthy*, 394 U.S. at 471, 89 S.Ct. at 1173, and the court must determine that the defendant understands the charges, with due regard for their complexity and the individual characteristics of the particular defendant, *see, e.g., United States v. Carter*, 815 F.2d 827, 829 (1st Cir.1987). "The court should 'engage in [as] extensive an interchange as necessary to assure itself and any subsequent reader of the transcript that the defendant does indeed fully understand the charges.'" *Mack v. United States*, 635 F.2d 20, 26 (1st Cir.1980) (quoting *United States v. Coronado*, 554 F.2d 166, 173 (5th Cir.1977)). Unless the guilty plea is tendered with "a full understanding of what the plea connotes and its consequences," *Boykin v. Alabama*, 395 U.S. 238, 244, 89 S.Ct. 1709, 1712, 23 L.Ed.2d 274 (1969), it is unacceptable.

At the time of the alleged offense in the instant case, our decisions made it clear that 21 U.S.C. § 955a(a)–(d) criminalized four different offenses, each requiring proof of some essential element not required by the other, *see United States v. Christensen*, 732 F.2d 20, 23 (1st Cir.1984), including "statelessness," an essential element under superseded section 955a(a). When the indictment in the present case was read to petitioner at the change of plea hearing, he expressly requested that the charge be explained. The court did not inform petitioner that "statelessness" was an essential element of the crime charged. Instead, the explanation given petitioner suggested that flag nation consent might satisfy the jurisdictional element under the present indictment.[3]

Petitioner possessed minimal formal education and little familiarity with the American legal system; dubious credentials for comprehending intricate jurisdictional concepts such as vessel "statelessness,"[4] par-

---

**3.** Its earlier finding—that even if the vessel were not "stateless," jurisdiction could be predicated upon flag nation consent—suggests that the court saw no variance between superseded section 955a and section 1903(a) relating to the element of flag nation consent.

**4.** The pertinent colloquy was as follows:

THE COURT: Don Jesus [petitioner], did you on or about November 20th, 1986, on board a vessel subject to the jurisdiction of the United States, possessed [sic] with other persons unlawfully, knowingly and intentionally an amount of marihuana, and you entered the United States through the district of Puerto Rico, following commission of the offense?

ticularly without clear guidance from court or counsel. Moreover, the confusion concerning the requisite jurisdictional facts was at once confirmed and exacerbated by the government's proffer at the change of plea hearing, which reflects that the government too thought that flag nation consent would satisfy the jurisdictional element of the offense with which petitioner was charged. Given the prevalence of the apparent misconception concerning the jurisdictional facts required to be established under the indictment, and the fact that petitioner expressly requested, but did not receive, further explanation of the charge against him, we conclude that petitioner's guilty plea was not knowing and intelligent as required under Criminal Rule 11.

We further conclude that there can have been no meaningful waiver of petitioner's right to challenge SEE WONDERER's "statelessness," as the record does not indicate that petitioner was ever informed that "statelessness" was an element of the crime charged. We cannot think that the interests of justice would be served by a rule which deems a guilty plea a waiver of the right to challenge an essential element of the crime charged even though it was never explained to the defendant.[5]

## III

█ Petitioner demands dismissal of the indictment on the ground that there is no evidence that SEE WONDERER was "stateless." We decline. The district court has yet to consider whether SEE WONDERER was stateless. Furthermore, the record contains evidence that SEE WONDERER may have been a "vessel without nationality," within the meaning of superseded section 955a(a). The superseded statute, 21 U.S.C. § 955b(d) (1982), defines "vessel without nationality" as, *inter alia*, one "aboard which the master or person in charge makes a claim of registry, which claim is denied by the flag nation whose registry is claimed." Claims of Honduran registry appear to have been made, both verbally by the master, *see Potes*, 880 F.2d at 1479 (verbal affirmation that vessel was registered in Honduras constituted "verbal claim of nationality or registry"), and by the raising of the Honduran flag, *see United States v. Maynard*, 888 F.2d 918, 923–925 (1st Cir.1989). Moreover, when first contacted Honduras appar-

DEFENDANT (THROUGH INTERPRETER): What was that?
THE COURT: That's what you are been [sic] charged with, do you understand that?
DEFENDANT (THROUGH INTERPRETER): *Could you explain that again to me?*
THE COURT: All right. You are been [sic] charged that on November 20th, 1986, you were on boat called Sea Wonder [sic]. That at that time, *because of intricacies of international law and the relationship between nations, in this case between the United States and Honduras,* the ship that you were in became subject to the jurisdiction of the United States, and when it was boarded, that boat was found with a huge amount of marihuana and you were in the boat.
DEFENDANT (THROUGH INTERPRETER): Of course.
Change of Plea Transcript at 7–8 (emphasis added).

**5.** We recognize that the claim that petitioner's plea was not knowing and intelligent was neither raised directly on appeal nor properly preserved before the district court by timely objection to the magistrate's recommended disposition. Although ordinarily we do not consider matters not preserved on appeal, *see, e.g., United States v. Michaud,* 901 F.2d 5, 7 (1st Cir.1990); *Keating v. Secretary of Health & Human Servic-*

*es,* 848 F.2d 271, 275 (1st Cir.1988), we may, "when good reason to do so exists, raise nonjurisdictional issues not raised by the parties either below or on appeal." *Izquierdo Prieto v. Mercado Rosa,* 894 F.2d 467, 471 n. 4 (1st Cir. 1990) (failure to demonstrate constitutional violation in § 1983 action too "serious an omission" to permit district court judgment to stand). We may "excuse the[se] default[s] in the interests of justice." *Thomas v. Arn,* 474 U.S. 140, 155, 106 S.Ct. 466, 475, 88 L.Ed.2d 435 (1985). The present circumstances may warrant an exception in "the interests of justice." First, petitioner did raise the issue in his original *pro se* petition under § 2255. The magistrate, however, failed to address the issue. Since petitioner's court appointed counsel failed to object to the magistrate's report in this respect, petitioner now contends that this constituted ineffective assistance of counsel.

Without resolving the ineffective assistance claim, we do at least say that counsel's failure to raise the issue should not inhibit our inquiry into whether petitioner's plea was knowing and intelligent, surely an indispensable element of any valid plea, particularly where the precise issue before us—whether the guilty plea constituted a waiver—requires that we reach that very determination.

ently could not confirm SEE WONDERER's claim of Honduran registry. We express no opinion whether the initial inability to confirm the claim of Honduran registry was sufficient to establish that SEE WONDERER was "stateless" for present purposes. Nevertheless, notwithstanding the later confirmation of the Honduran registry claim, the possibility that SEE WONDERER was stateless seems not so remote as to warrant anticipatory dismissal of the indictment.

*We remand to the district court with directions to vacate petitioner's guilty plea and to conduct a hearing at which petitioner is to be afforded an opportunity to plead anew,[6] consistent with this opinion.*

---

**6.** *See Mack v. United States,* 635 F.2d at 27 (vacating plea accepted in violation of Criminal Rule 11, and remanding for rehearing and opportunity to plead anew).