979 F.2d 844
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
David WILLIAMS, Petitioner, Appellant,
v.
UNITED STATES OF AMERICA, Respondent, Appellee.
 No. 92-1110.
 United States Court of Appeals,
First Circuit.
 November 13, 1992
 
 APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW HAMPSHIRE
 Jeffrey S. Cohen, with whom Sulloway, Hollis & Soden, was on brief for appellant.
 Peter E. Papps, First Assistant United States Attorney, with whom Jeffrey R. Howard, United States Attorney, was on brief for appellee.
 D.N.H.
 AFFIRMED.
 Before Torruella, Cyr and Boudin, Circuit Judges.
 TORRUELLA, Circuit Judge.
 
 
 1
 Appellant David Williams appeals from a district court judgment refusing to @llow him to withdraw a guilty plea. Appellant claims that the court accepted his plea in violation of Rule 11 of the Federal Rules of Criminal Procedure ("Rule 11"), and that he misunderstood the nature of the charges against him. Because we find no Rule 11 violation, and that the district court assured that appellant entered a knowing and voluntary plea, we affirm the district court's decision.
 
 BACKGROUND
 
 2
 Appellant pled guilty, in his capacity as an individual, to mail fraud[1] and fraud by an investment advisor,[2] and in his capacity as a corporate executive, to an indictment against Blondheim Investment Advisors, Inc. ("Blondheim").[3] Appellant now claims that he never understood the charges against him, and thus, this court should set aside his plea. Specifically, he contends that at the time of his plea hearing, he erroneously believed that he could be convicted, even if he never intended to defraud anyone. Thus, he argues that he did not knowingly and voluntarily plead guilty.
 
 
 3
 On July 11, 1991, appellant requested to have his guilty plea set aside pursuant to 28 U.S.C. § 2255. The district court then held an evidentiary hearing to ascertain the extent of appellant's understanding of the charges against him. The judge determined that appellant fully understood that the charges required a showing of intent to defraud. As such, he refused to allow appellant to withdraw his plea. Appellant appeals from that judgment.
 
 DISCUSSION
 
 4
 Under Rule 11, before accepting a guilty plea, a district court must inform the defendant of, and determine that the defendant understands, the nature of the charges against him. Fed. R. Crim. P. 11(c)(1). A judge need not inform the defendant of the nature of the charges himself, as long as someone informs the defendant during the plea hearing. United States v. Allard, 926 F.2d 1237, 1246 (1st Cir. 1991). Unless the judge determines that the defendant fully understands the charge, however, he may not accept the plea. Valencia v. United States, 923 F.2d 917, 921 (1st Cir. 1991).
 
 
 5
 Rule 11 assists the district court in fulfilling two main goals. First, it ensures that if a defendant pleads guilty, he does so voluntarily, with a full understanding of the charges against him. Allard, 926 F.2d at 1244 (citing McCarthy v. United States, 394 U.S. 459, 466 (1969)). Second, it assures a complete record of the facts relevant to determining whether the defendant's plea represented a knowing and voluntary relinquishment of his right to a trial. Id. (citing McCarthy, 394 U.S. at 467).
 
 
 6
 Appellant's plea hearing satisfied both of these concerns. At the hearing, the district court judge engaged in a lengthy dialogue with appellant to determine whether appellant understood his plea. In response to the judge's questions, appellant stated that: (1) he understood that by pleading guilty he would waive his right to trial; (2) he knew that at a maximum, he could receive five years in prison, a $1,000 fine, or both for mail fraud; five years, $10,000 or both for fraud by an investment advisor; and $10,000 for the indictment against Blondheim, all with possible consecutive sentences; (3) no one had threatened him or promised him leniency; and (4) he took no medicine in the recent past, and never received psychiatric treatment.
 
 
 7
 In addition to engaging in a lengthy dialogue with appellant regarding his plea, the district court judge also ensured that appellant heard at least three different people explain the nature of the charges.
 
 
 8
 First, the judge asked appellant whether his attorneys advised him of the nature of the charges and any possible defenses. Appellant replied that they had. While a judge may not rely solely on a defendant's attorney to privately inform the defendant of the nature of the charges against him, Mack v. United States, 635 F.2d 20, 26 (1st Cir. 1980), a determination that the defendant's attorney gave such an explanation assists the judge in ascertaining the defendant's understanding of the pending charges and their penalties.
 
 
 9
 Second, in addition to assuring that appellant's attorney privately explained the charges to him, at the plea hearing, the judge also had the government outline the evidence it would have offered had the case gone to trial. That proffer of evidence explicitly discussed appellant's scheme to defraud.
 
 
 10
 Third, the judge also had the clerk read appellant's indictment to him. This indictment stressed the intentional nature of the crimes.
 
 
 11
 Under certain circumstances, the reading of an indictment alone will satisfy the judge's obligation to inform a defendant of the nature of the charges against him. Allard, 926 F.2d at 1245. This is especially true where the case involves an intelligent defendant, and the indictment clearly describes the charges. Id. In the present case, the judge determined that appellant was intelligent, and the indictment provided a clear description of the charges. Moreover, the clerk asked appellant to enter his plea after the explanation of each count, rather than at the end of the entire indictment.
 
 
 12
 In addition to assuring that appellant heard several explanations of the charges against him, the judge also asked appellant's attorney numerous questions regarding appellant's capacity and interests in his plea. Appellant's attorney assured the judge that appellant was under no outside influence, and that it was in appellant's best interests to plead guilty to the pending charges. Thus, we find that the court fully informed appellant of the nature of the charges against him in accordance with Rule 11.
 
 
 13
 Even though we find no Rule 11 violation, however, appellant would still be entitled to set aside his guilty plea if he could show that he fundamentally misunderstood the elements of the charge and would have not pled guilty had he understood them. See United States v. Buckley, 847 F.2d 991, 999 (1st Cir. 1988)("The district court's adherence to Rule 11 does not, to be sure, insulate from review its conclusion that the plea was valid."), cert. denied, 488 U.S. 1015 (1989). Although Williams has not cast his present motion in voluntariness terms, the issue is a close cousin to his Rule 11 claim and is squarely presented by his factual assertions.
 
 
 14
 While the plea hearing satisfied Rule 11, because the district court judge did not give a detailed explanation of the charges, and appellant did not say that he agreed with the government's proffer, the hearing did not wholly foreclose the claim of misunderstanding that appellant advances. However, we find that the district court committed no clear error in determining that appellant fully understood the nature of the charges against him at the plea hearing. See Oimette v. Moran, 942 F.2d 1, 5 (1st Cir. 1991)(clearly erroneous standard governs factual findings in habeas corpus).
 
 
 15
 At the district court's evidentiary hearing, appellant's counsel testified that appellant appeared to understand the nature of the charges, that appellant actively participated in the plea negotiations, and that appellant thoughtfully discussed many issues regarding his plea, including burdens of proof at trial.
 
 
 16
 Appellant makes much of the fact that he signed a statement indicating only that he acted with reckless disregard for investors' monies, and that the statement failed to mention the requisite intent to defraud. In the evidentiary hearing, however, appellant's counsel testified that the statement represented only what appellant felt that he did wrong, and that it was solely for sentencing purposes, designed to allow counsel to argue for a minimal sentence. Thus, the statement holds little evidentiary value with respect to appellant's understanding of his plea. The district court heard the evidence and appraised appellant's credibility, and it's finding that no misunderstanding occurred is certainly not clearly erroneous.
 
 
 17
 Finally, there need be little concern that a miscarriage of justice occurred by denying appellant's motion. Contrary to the premise of his petition, and despite the government's silence, the scienter element under the mail and securities fraud statutes can be satisfied by something less than fraudulent intent or knowing falsehoods.[4] Although reckless mismanagement of funds might not always constitute fraud, appellant's version of how he understood the law is not too far from how courts actually read the mail and securities fraud statutes.
 
 
 18
 Because we find that the district court committed no Rule 11 violation and assured that appellant entered a truly knowing and voluntary plea, we affirm the district court's decision.
 
 
 19
 Affirmed.
 
 
 
 [1]
 18 U.S.C. §§ 1341-42 (1981)
 
 
 [2]
 15 U.S.C §§ 80b-6, 80b-17 (1981); 18 U.S.C. § 2 (1969)
 
 
 [3]
 Id
 
 
 [4]
 See, e.g., United States v. Gay, 967 F.2d 322, 326 (9th Cir.) ("We have repeatedly held that reckless indifference alone will support a mail fraud conviction."), cert. denied, 61 U.S.L.W. 3285 (1992); United States v. Brien, 617 F.2d 299, 312 (1st Cir.) ("conscious avoidance" of truth satisfies the scienter requirement for a mail fraud conviction), cert. denied, 446 U.S. 919 (1980)