37 F.3d 1510
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Julian C. RICHARD, Jr., also known as "Homicide," Defendant-Appellant.
 No. 94-3169.
 United States Court of Appeals, Tenth Circuit.
 Oct. 7, 1994.
 
 Before MOORE, ANDERSON, and KELLY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. This cause is therefore ordered submitted without oral argument.
 
 
 2
 Defendant Julian C. Richard appeals from his conviction following a guilty plea to nine counts of violating 18 U.S.C.1951, the Hobbs Act. He raises a single issue: whether the trial court erred in refusing to permit him to withdraw his guilty plea. We affirm.
 
 BACKGROUND
 
 3
 Mr. Richard was charged with nine counts of violating the Hobbs Act, resulting from his robbery of nine gasoline stations and convenience stores. The Hobbs Act makes it unlawful to "in any way or degree obstruct[ ], delay[ ], or affect[ ] commerce or the movement of any article or commodity in commerce, by robbery or extortion...." 18 U.S.C.1951(a). Proof that a defendant's actions affected interstate commerce "in any way" is therefore a necessary element of a Hobbs Act violation. We have recently reiterated that the Act's "plain language" provides "that the jurisdictional predicate of the Hobbs Act can be satisfied by a showing of any de minimis effect on commerce.' " United States v. Zeigler, 19 F.3d 486, 489 (10th Cir.1994) (quoting United States v. Boston, 718 F.2d 1511, 1516 (10th Cir.1983), cert. denied, 466 U.S. 974 (1984)), petition for cert. filed, (U.S. July 29, 1994) (No. 94-5530).
 
 
 4
 At Mr. Richard's sentencing hearing, but prior to the imposition of his sentence, Mr. Richard asked the court to permit him to challenge the jurisdictional predicate of an effect on interstate commerce or, alternatively, to withdraw his guilty plea. Mr. Richard stated that, while he admitted robbing the nine businesses in question, he did not believe that the robberies had any effect on interstate commerce. After hearing argument from both Mr. Richard and the government, and after discussing Zeigler--the most recent Tenth Circuit Hobbs Act case--the court denied Mr. Richard's motion to withdraw his guilty plea, and sentenced him to a term of 105 months on each count, followed by three years of supervised release, all to run concurrently. He appeals that denial.
 
 DISCUSSION
 
 5
 We review a district court's denial of a motion to withdraw a guilty plea for an abuse of discretion. United States v. Burger, 964 F.2d 1065, 1070 (10th Cir.1992), cert. denied, 113 S.Ct. 1854 (1993). A defendant who has entered a guilty plea has "no right to withdraw it." Id. (quoting United States v. Hickok, 907 F.2d 983, 985 (10th Cir.1990) (quoting Barker v. United States, 579 F.2d 1219, 1223 (10th Cir.1978))). Nonetheless, "upon a showing by the defendant of any fair and just reason," Fed.R.Crim.P. 32(d), the court may permit withdrawal of a guilty plea prior to sentencing. The defendant bears the burden of proving a "fair and just reason." Id. at 1070-71.
 
 
 6
 We consider seven factors in determining whether the defendant has established the existence of a fair and just reason for withdrawing his plea:
 
 
 7
 (1) whether the defendant has asserted his innocence; (2) prejudice to the government; (3) delay in filing defendant's motion and, if so, the reason for the delay; (4) inconvenience to the court; (5) defendant's assistance of counsel; (6) whether the plea is knowing and voluntary; and (7) waste of judicial resources.
 
 
 8
 United States v. Elias, 937 F.2d 1514, 1520 (10th Cir.1991) (citing United States v. Hickok, 907 F.2d 983, 985 n. 2 (10th Cir.1990)). Considering these seven factors, we find no abuse of discretion in the district court's refusal to permit Mr. Richard to withdraw his guilty plea.
 
 
 9
 Mr. Richard concedes his plea was knowing and voluntary and that he was represented by adequate counsel. He also admits he does not claim factual innocence concerning the robberies themselves. He delayed filing his motion until moments before receiving his sentence.[2] The interchange between the court and counsel for both the government and Mr. Richard indicates that granting the motion would necessitate at least a lengthy evidentiary hearing on whether the robberies affected interstate commerce under current Hobbs Act case law.[3] Thus, there can be little doubt that considerable judicial resources would be expended. Further, Mr. Richard's counsel indicated that he might be willing to stipulate to facts establishing the requisite effect on interstate commerce, thereby avoiding a lengthy evidentiary hearing. That fact even more starkly indicates the futility of permitting Mr. Richard to withdraw his guilty plea on the basis he now asserts. Thus, virtually all of the seven factors we consider in determining whether a defendant established a "fair and just" reason for withdrawing his guilty plea weigh against finding an abuse of discretion in the district court's denial of Mr.Richard's motion to withdraw.
 
 
 10
 His only claim is that he is "innocent" of having met the jurisdictional predicate for application of the Hobbs Act in that he believes his robberies had no effect on interstate commerce.
 
 
 11
 "A plea of guilty is the equivalent of admitting all material facts alleged in the charge." United States v. Kelsey, 15 F.3d 152, 153 (10th Cir.1994); see also McCarthy v. United States, 394 U.S. 459, 466 (1969) ("a guilty plea is an admission of all the elements of a formal criminal charge"). While a plea of guilty does not waive defects as to jurisdiction, see United States v. Broce, 488 U.S. 563, 569 (1989), it does waive challenges to any factual predicates to jurisdiction. See Mack v. United States, 853 F.2d 585, 586 (8th Cir.1988); United States v. Mathews, 833 F.2d 161, 163-64 (9th Cir.1987); Hayle v. United States, 815 F.2d 879, 881-82 (2d Cir.1987); United States v. Hoyland, 264 F.2d 346, 351-53 (7th Cir.), cert. denied, 361 U.S. 845 (1959); see also United States v. Caperell, 938 F.2d 975, 977-78 (9th Cir.1991); Valencia v. United States, 923 F.2d 917, 921 (1st Cir.1991). Factual predicates to jurisdiction are no different from other factual matters deemed admitted by a voluntary and knowing guilty plea.[4] Thus, we reject any argument that Mr. Richard's attempted withdrawal of his guilty plea is really an assertion of a nonwaivable jurisdictional defect.
 
 
 12
 For the foregoing reasons, we AFFIRM the district court's denial of Mr. Richard's motion to withdraw his guilty plea.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 He argues that "the record reflects that both the Court and the government had been put on notice in advance that [t]his type of motion might be raised." Appellant's Br. at 7. Nonetheless, he did not actually make the motion, nor did he assert specific grounds for withdrawing his guilty plea, until just before sentencing
 
 
 [3]
 Indeed, the government indicated that, if Mr. Richard were permitted to withdraw his guilty plea, it would file a superseding indictment charging him with additional offenses, as he would no longer be fully cooperating with the government, which was a condition of the plea agreement
 
 
 [4]
 Mr. Richard's subjective belief that his actions did not affect interstate commerce is an insufficient basis on which to permit withdrawal of his guilty plea. See Hickok, 907 F.2d at 985 n. 2