USCA1 Opinion

 

 April 8, 1996 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 95-1902 ABEL ROJAS, Petitioner, v. UNITED STATES OF AMERICA, Respondent. ____________________ No. 95-1906 EDUARDO A. ROBINSON-MUNOZ, Plaintiff, Appellant, v. UNITED STATES OF AMERICA, Defendant, Appellee.  _____________________ APPEALS FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Jose Antonio Fuste, U.S. District Judge] ____________________ Before Torruella, Chief Judge, ___________ Stahl and Lynch, Circuit Judges. ______________  _____________________ Abel Rojas on brief pro se. __________ Eduardo A. Robinson on brief pro se. ___________________ Guillermo Gil, United States Attorney, Edwin O. Vazquez, ______________ ___________________ Assistant United States Attorney, and Jose A. Quiles-Espinosa, Senior _______________________ Litigation Counsel, on brief for appellee. ____________________ ____________________ Per Curiam. Eduardo Robinson-Munoz and Abel Rojas __________ appeal from the district court's summary denial of their motions under 28 U.S.C. 2255. We affirm. ______ I. Robinson ________ Robinson challenges his conviction after a jury trial of aiding and abetting the possession, with intent to distribute, of marijuana aboard a vessel, 46 U.S.C.App.  1903(a), (c)(1)(A) & 18 U.S.C. 2. Specifically, he argues that the vessel ("the Delfin") was not subject to United States jurisdiction because it was not "a vessel without nationality." We rejected that argument on direct appeal. In United States v. Robinson-Munoz, 961 F.2d 300 (1st Cir. ______________ ______________ 1992), we held that the government's presentation of a certification of the Secretary of State indicating that the Colombian government had denied the Delfin captain's claim of Colombian registry "prove[d] jurisdiction beyond a reasonable doubt." Id. at 305. Robinson again challenged the United ___ States' jurisdiction over the Delfin in his first 2255 motion. The district court ruled that the issue had already been decided on direct appeal and could not be relitigated under 2255. Robinson-Munoz v. United States, 819 F. Supp. ______________ _____________ 1136, 1142 (D. Puerto Rico 1993). In his second 2255 motion, Robinson relied upon new evidence to challenge the United States' jurisdiction over the Delfin. Specifically, Robinson relied upon a letter dated May 10, 1993 from the -2- Secretary General of the Colombian Department of National Defense ("the May 10, 1993 letter"). The letter stated, in relevant part, as follows: having reviewed the files of the General Command of the Armed forces and of the National Navy, no document whatsoever was found, of authorization for the boarding of the motor vessel "DELFIN" on the 13th of October, 1990. Robinson appeals from the district court's summary dismissal of his second 2255 motion. On appeal, he seeks to introduce yet more new evidence to show that the certification of the Secretary of State was fraudulently prepared (i.e., no denial of registry was ever given by the Colombian government) and, therefore, that the Due Process Clause requires that his conviction and sentence be vacated. We affirm. The district court did not err in dismissing the motion without holding an evidentiary hearing. A " 2255 motion may be denied without a hearing as to those allegations which, if accepted as true, entitle the movant to no relief, or which need not be accepted as true because they state conclusions instead of facts, contradict the record, or are 'inherently incredible.'" Shraiar v. United States, 736 _______ ______________ F.2d 817, 818 (1st Cir. 1984) (citations omitted). In addition, "when, as in this case, a petition for federal habeas relief is presented to the judge who presided at the petitioner's trial, the judge is at liberty to employ the -3- knowledge gleaned during previous proceedings and make findings based thereon without convening an additional hearing." United States v. McGill, 11 F.3d 223, 225 (1st Cir. _____________ ______ 1993).  The relevant evidence before the district court when it ruled upon the 2255 motions consisted of the May 10, 1993 letter. At most, that letter indicates that the Colombian authorities never gave the Coast Guard officials permission to board the Delfin. Even accepting the truth of that statement, it does not entitle Robinson to relief. In this case, jurisdiction was based upon the Colombian government's denial of registry. The denial of registry was proved by a certification by the Secretary of State. The May 10, 1993 letter does not even contradict, much less disprove, the statements made in the certification. The document that appellants sought to introduce as "Supplemental Pleadings on Appeal" -- a letter dated February 8, 1996, in which the Colombian authorities denied the existence of a General Rodriquez at the time that he allegedly denied registry -- was never before the district court. The argument that it constitutes newly discovered evidence and establishes a violation of the Due Process Clause entitling Robinson to 2255 relief cannot be raised for the first time on appeal. "It is a bedrock rule that when a party has not presented an argument to the district -4- court, she may not unveil it in the court of appeals." United ______ States v. Slade, 980 F.2d 27, 30 (1st Cir. 1992). ______ _____ (Appellants' reliance upon Fed. R. Civ. P. 15(d) is misplaced because they do not seek to supplement a pleading but to introduce new evidence in support of a 2255 motion on appeal.) "[A]ppellate courts retain the power to dispense with the raise-or-waive rule in order to avoid a gross miscarriage of justice." Slade, 980 F.2d at 31. This is not _____ such a case, however. Robinson has failed to demonstrate that the new evidence "is 'so compelling as virtually to insure appellant's success.'" Id. at 31. ___ II. Rojas _____ Rojas pled guilty and has never contested the validity of his guilty plea. We note initially that although the issue is not free from doubt, "the better view may be that a valid guilty plea, as 'an admission of all the elements of a formal criminal charge,' admits even those allegations which form the factual predicate for federal jurisdiction." Valencia v. United States, 923 F.2d 917, 921 ________ _____________ (1st Cir. 1991). We need not resolve that issue here, however, because even if we assume that Rojas did not waive the jurisdictional challenge by pleading guilty, he has failed to show that the district court erred in denying his  2255 motion. -5- In his 2255 motion, Rojas makes the same claims and relies upon the same new evidence as did Robinson in his motion. The new evidence -- the May 10, 1993 letter -- submitted with Rojas' 2255 motion did not disprove, or even contradict, denial of registry, however. Accordingly, the district court did not err in summarily dismissing the motion. Rojas, like Robinson, also seeks relief on the basis of the February 8, 1996 letter. For the same reasons that the late-submitted evidence did not entitle Robinson to relief under 2255, it is of no avail to Rojas. The district court's summary dismissals of the motions are affirmed. ________ -6-