[NOT FOR PUBLICATION-NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals
## For the First Circuit

---

No. 00-1500

UNITED STATES,

Appellee,

v.

MARCELO CEBALLOS,

Defendant, Appellant.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Héctor M. Laffitte, U.S. District Judge]

---

Before

Boudin, Chief Judge,
Campbell, Senior Circuit Judge,
and Lipez, Circuit Judge.

---

Joseph Frattallone Marti on brief for appellant.
Guillermo Gil, United States Attorney, Jorge E. Vega-Pacheco, Assistant United States Attorney, and Thomas F. Klumper, Assistant United States Attorney, on brief for appellee.

---

November 20, 2001

---

**Per Curiam**. Marcelo Ceballos challenges the indictment to which he pled guilty. Specifically, he argues on appeal that the there was no evidence presented to the grand jury of an essential element of the charge to which he pled guilty. Before pleading guilty to Count Three of the Second Superseding Indictment, which charged him with conspiring to commit money laundering, Ceballos moved to dismiss the indictment on the ground that there was insufficient evidence to support it. At the time that he pled guilty, however, Ceballos agreed that all pending motions (which included the motion to dismiss the indictment) would be "deemed waived." On appeal, Ceballos again challenges the factual basis for the indictment, arguing that there was no evidence presented to the grand jury to support a finding that he knew that the money he helped transfer represented proceeds from an unlawful activity.

"This circuit has ruled that a defendant who pleads guilty may not later contest the factual and theoretical foundations of the indictment to which he has pled." United States v. Rivera Ramos, 856 F.2d 420, 423 (1st Cir. 1988). This appeal by Ceballos represents an effort to contest the factual foundation of Count Three of the indictment, to

which he pled guilty. At his change-of-plea hearing, Ceballos specifically admitted that he knew that the money he helped transfer "came from drug transactions." Ceballos' appeal does not fall within any exception for challenges to "jurisdictional facts" alleged in the indictment. See Valencia v. United States, 923 F.2d 917, 921 (1st Cir. 1991).[1]

Ceballos' conviction and sentence are affirmed. See Loc. R. 27(c).

---

[1] Ceballos' reliance upon United States v. Frigerio-Migiano, 254 F.3d 30 (1st Cir. 2001) is misplaced as appellant in that case did not plead guilty but appealed from a conviction following a trial.