**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**


**Johnathon Irish**

    v.

**United States of America**

Case No. 16-cv-70-PB
Opinion No. 2017 DNH 217


**MEMORANDUM AND ORDER**

Johnathon Irish was charged in a five-count Indictment, which included charges of Aiding and Abetting the Making of a Material False Statement in Connection with the Acquisition of a Firearm (Count One), in violation of 18 U.S.C. § 922(a)(6), and Making a Material False Statement to a Federal Agent (Count Two), in violation of 18 U.S.C. § 1001. Three additional counts were later dismissed without prejudice on the government's motion.[1] Irish ultimately entered into a plea agreement to resolve Counts One and Two on the eve of trial. The government agreed in the plea agreement not to seek charges against Irish based on the conduct described in the dismissed counts. It also agreed that Irish should receive a below guideline, 18-month

---

[1] The remaining charges included a second count of Making a Material False Statement to a Federal Agent (Count Three), Engaging in the Business of Dealing Firearms Without a Federal Firearms License (Count Four), and Possession of a Firearm as a Regular User of a Controlled Substance (Count Five).

prison sentence.  Irish received the sentence called for in the plea agreement on February 19, 2015, which amounted to time served at that point.  He was released on supervised release the next day.

Irish has now filed a motion pursuant to 28 U.S.C. § 2255 arguing that his guilty pleas must be set aside.  His principal claim is that his pleas were tainted by his counsels' constitutionally ineffective legal assistance.  Irish was represented by Attorneys Lawrence Vogelman and Kirk Simoneau both at the time he pleaded guilty and during most of the pre-trial period.  Irish contends that his counsels' representation was both objectively inadequate and improperly affected by an alleged conflict of interest.  He also contends that he was improperly coerced into pleading guilty by the government's threats to charge his wife if he did not accept the plea agreement.  I address and reject each argument in turn, and deny Irish's motion for the reasons that follow.

## I.    Ineffective Assistance of Counsel

### A.    Inadequate Representation

A defendant has a constitutional right to the effective assistance of counsel at every critical stage of a criminal proceeding.  Lee v. United States, 137 S. Ct. 1958, 1964 (2017).

To establish an ineffective assistance of counsel claim, a petitioner must prove both "deficient performance by counsel and resulting prejudice." Peralta v. United States, 597 F.3d 74, 79 (1st Cir. 2010) (citing Strickland v. Washington, 466 U.S. 668, 692 (1984)).

The "deficient performance" prong of this standard requires proof that trial counsel's representation fell below "an objective standard of reasonableness," Pina v. Maloney, 565 F.3d 48, 54-55 (1st Cir. 2009), as measured "under prevailing professional norms." Strickland, 466 U.S. at 688. "This is a highly deferential review, 'making every effort to eliminate the distorting effects of hindsight.'" Sleeper v. Spencer, 510 F.3d 32, 38 (1st Cir. 2007) (quoting Strickland, 466 U.S. at 689). Accordingly, counsel has "wide latitude in deciding how best to represent a client," Yarborough v. Gentry, 540 U.S. 1, 5-6 (2003), and those decisions are entitled to a strong presumption that counsel has rendered adequate assistance and exercised reasonable professional judgment. Strickland, 466 U.S. at 690; see United States v. Dunfee, 821 F.3d 120, 128 (1st Cir. 2016).

When challenging representation preceding a guilty plea, the "prejudice" prong can be satisfied "by demonstrating a 'reasonable probability that, but for counsel's errors, [the petitioner] would not have pleaded guilty and would have

3

insisted on going to trial.'" Lee, 137 S. Ct. at 1965 (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)). In undertaking this analysis, "courts should not upset a plea solely because of post hoc assertions from a defendant about how he would have pleaded but for his attorney's deficiencies." Id. at 1967. Instead, a judge must "look to contemporaneous evidence to substantiate a defendant's expressed preferences." Id.

Irish first claims that Attorneys Vogelman and Simoneau conducted an inadequate investigation and gave him bad advice to plead guilty.[2] In particular, he faults counsel for (i) failing to properly evaluate and advise him with respect to a possible government misconduct defense;[3] (ii) failing to prepare an effective cross-examination of Irish's wife, who was scheduled to be a government witness; and (iii) failing to advise Irish that he could defend against the false statement charges because

---

[2] Irish also argues that counsel both improperly threatened to withdraw on the eve of trial if he did not plead guilty, and instructed him to provide false testimony during the guilty plea colloquy. I reject these arguments because I am unpersuaded by the evidence Irish cites to support them.

[3] Irish claims that he was the victim of a vindictive prosecution. To the extent that he faults counsel for also failing to investigate and advise him on a possible entrapment defense or a possible motion to dismiss based on the government's submission of perjured testimony to the grand jury, his arguments fail because the record does not support a claim that counsel was ineffective for failing to pursue either issue.

the underlying statements were both immaterial and outside the jurisdictional scope of 18 U.S.C. § 1001.

For the reasons stated herein, I conclude that Irish has failed to satisfy either the "deficient performance" or "prejudice" prong of the Strickland standard.

1.   Deficient Performance

Vogelman's and Simoneau's representation of Irish was not objectively unreasonable under prevailing professional norms.  I address each alleged error in turn.

Irish's primary claim is that he was the victim of vindictive prosecution and his counsel was deficient in neglecting to pursue or advise him of a potential government-misconduct defense under that theory.  The alleged basis for this unpursued defense is Irish's claim that the FBI investigation that eventuated in his indictment was itself retaliatory, and the charges against him were therefore the product of a government conspiracy.  Irish maintains that the FBI's investigation was initiated after he had previously demanded the termination of a New Hampshire DCYF official following an incident involving his infant daughter.  The official purportedly responsible for the incident, who was later terminated, is apparently the daughter of a retired FBI agent, formerly of the Boston field office.  The father's colleagues at

5

the FBI, Irish argues, launched the investigation against Irish in retaliation for his role in the DCYF official's termination. Irish argues that had a vindictive prosecution defense been pursued by Attorneys Vogelman and Simoneau, Irish would have elected to go to trial in lieu of pleading guilty.

Irish's argument fails, however, because there is no evidence linking any alleged animus toward him to the charging decision itself.  As the government notes, a successful vindictive prosecution claim requires the defendant to tie "any vindictive animus to those making the challenged charging decision." United States v. Bucci, 582 F.3d 108, 114 (1st Cir. 2009); see also United States v. Goulding, 26 F.3d 656, 662 (7th Cir. 1994).  Here, Irish has been unable to present any evidence fairly attributing a vindictive motive to the person responsible for the charging decision, which would have been the Assistant U.S. Attorney that originally brought Irish's case to the grand jury.  Thus, a vindictive prosecution defense would have had a low likelihood of success had Irish elected to pursue it at trial in lieu of pleading guilty.  Moreover, Attorney Vogelman reached a similar conclusion after revaluating the viability of this claim as potential grounds for dismissal of the indictment.[4]

---

[4] During the pretrial proceedings in Irish's underlying case, Irish continued to raise this issue despite Attorney Vogelman's

Accordingly, I conclude that Irish's counsel was not objectively unreasonable in the manner in which they evaluated and advised Irish on this potential government misconduct defense.

Irish next contends that his counsel was deficient for failing to prepare an effective cross-examination of Irish's wife, arguing that, had Irish gone to trial, counsel was unprepared to impeach her grand jury testimony,[5] which largely served as the basis for Count One.[6] Irish specifically faults

own opinion that it was not a viable legal ground for dismissal. Accordingly, I ordered Attorney Vogelman to reevaluate the issue and to file a motion to dismiss if he thought the claim was at all plausible. After further reviewing discovery and performing more research, Attorney Vogelman concluded that such a motion would be frivolous.

[5] Irish's wife's grand jury testimony essentially indicated that she had lied on a firearm purchasing form when she purchased a semiautomatic lower receiver with money given to her by Irish. See Doc. No. 102 at 4. She indicated on the form that she was the true transferee/buyer of the firearm, whereas the lower receiver was actually purchased for Irish. Id.

[6] To the extent Irish argues in his post-hearing brief that relief is warranted on the separate ground that Count One was "defective," contending that the government had "change[d] their story" with regards to the underlying theory of the case or that the evidence underlying the indictment was insufficient because the sole basis for Count One was his wife's incredible grand-jury testimony, that argument is deemed waived and is not an appropriate basis for § 2255 relief. See Valencia v. United States, 923 F.2d 917, 921 (1st Cir. 1991) ("It is well settled that a valid guilty plea waives all non-jurisdictional defects in the indictment"); United States v. Rivera Ramos, 856 F.2d 420, 423 (1st Cir. 1988). ("[A] defendant who pleads guilty may not later contest the factual and theoretical foundations of the indictment to which he has pled.") Moreover, to the extent

7

counsel for failing to be prepared to attack his wife's credibility based on her mental health and drug use. Because his wife's grand jury testimony served as the principle basis for Count One, Irish contends that attacking her credibility on those grounds would have effectively undermined the government's case.

The record, however, indicates that Irish's counsel was indeed prepared to cross-examine Irish's wife in the manner suggested. Attorney Vogelman testified that, had Irish elected to proceed to trial, Vogelman had records and information regarding Irish's wife that he was prepared to use during her cross-examination. The apparent goal would have been to undermine the veracity of her statements made to the grand jury

---

Irish argues that counsel's failure to move to dismiss Count One of the indictment on these grounds constitutes ineffective assistance of counsel, I am unpersuaded. Generally, absent a showing of prosecutorial misconduct that actually biases the grand jury, "a court should not inquire into the sufficiency of the evidence before the indicting grand jury." United States v. Maceo, 873 F.2d 1, 3 (1st Cir. 1989). The potential grounds for dismissal Irish now asserts do not implicate prosecutorial misconduct, but rather only the credibility of a grand-jury witness. Thus, had counsel filed a motion to dismiss Count One on these grounds prior to Irish's plea, they would have had a low likelihood of success. Therefore, it was not objectively unreasonable for counsel to forgo seeking dismissal of Count One on these grounds.

by suggesting that she was ill or intoxicated at the time.[7]  He also testified as to his assessment, however, that to disparage Irish's own wife on the basis of her drug use or mental instability would have been a poor tactical decision.  In Vogelman's view, Irish's strong family ties might have made his actions more empathetic to a jury, so attacking his wife as a drug addict ran the risk of distorting that image.

As discussed above, counsel is afforded "wide latitude in deciding how best to represent a client," Yarborough, 540 U.S. at 5-6 (2003), and courts should therefore be hesitant to second guess the tactical judgments of counsel when evaluating the "deficiency prong."  I view counsels' treatment of Irish's wife's cross-examination to be just that, a tactical judgment, and is therefore entitled to the presumption that it was adequate and reasonable.  Accordingly, I conclude that counsels' representation was not deficient in this respect.

---

[7]  It is uncertain, as it was at the time of Irish's guilty plea, whether his wife's testimony at trial would have been contrary to or consistent with her prior grand jury testimony. Therefore, as Vogelman explained at the evidentiary hearing in this matter, his use of the impeachment material would have likely depended on how Irish's wife ultimately testified.  Irish apparently indicated to Vogelman on multiple occasions that he expected his wife to recant her grand jury testimony at trial, whereas counsel for Irish's wife intimated that she would not recant.

Irish also argues that his counsel improperly assessed the false statement charge set forth in Count Two, contending that the allegedly false statement serving as the basis for Count Two was both immaterial and not within the jurisdiction of the federal executive branch.  Therefore, he argues, counsel erred in advising him to plead guilty.

The statement serving as the basis for Irish's guilty plea was made to an FBI agent during an interview relating to the FBI's investigation of Irish's firearm activities.  See Plea Agreement at 3-4, United States v. Irish, No.13-cr-142,(D.N.H. Dec. 12, 2014), Doc. No. 102 at 3-4.  When asked to identify the current whereabouts of multiple firearms that he owned, Irish responded that he had sold all of them to a friend.  Id.  Irish knew this to be false at the time, as no such sale had occurred and his firearms had instead all been hidden.  Id.

Irish now argues that his counsel erred by failing to develop an argument for trial that the statement he made was not material, because the FBI agent had no jurisdiction.  Irish seems to have been under the impression that the FBI's above-described interaction with him was related to a state family court matter, in which Irish was ordered to temporarily relinquish his weapons.  Therefore he claims, the FBI's involvement in the matter was inappropriate, as it was a matter

10

of state law, and his statements could not have been material to an unauthorized investigation. According to Attorney Vogelman's reading of the discovery during trial preparation, however, the FBI's investigation was unrelated to the state family court order. He believes that the investigation was generally initiated due to Irish's activities and involvement with guns and certain groups associated with the use of firearms. In Vogelman's opinion, Irish's possession of weapons was indeed material to that investigation, and he informed Irish that the defense would therefore be unlikely to succeed.

Irish's argument understandably conflates the "materiality" element of the false statement statute with its "jurisdictional" element. While the two are not entirely unrelated, they are treated as separate elements under § 1001. United State v. Notarantonio, 758 F.2d 777, 785 (1st Cir. 1985).

A statement is material if it has "a natural tendency to influence, or be capable of influencing, a governmental function." United States v. Mehanna, 735 F.3d 32, 54 (1st Cir. 2013), *cert. denied*, 135 S. Ct. 49 (2014) (quoting United States v. Sebaggala, 256 F.3d 59, 65 (1st Cir. 2001) (internal quotations omitted). The statement need not have actually influenced governmental action, "but rather need [have] only be[en] of the kind that could have provoked governmental

11

action."  United States v. Phillipos, 849 F.3d 464, 473 (1st Cir. 2017) (internal citations and quotations omitted).  By contrast, the jurisdictional element requires that the statement be "within the jurisdiction of the executive, legislative or judicial branch of the Government of the United States."  18 U.S.C. § 1001.

Irish's argument that his statement was not within the jurisdiction of the federal government is simply incorrect. "There is no doubt that . . . [t]he FBI is authorized 'to detect and prosecute crimes against the United States.'"  United States v. Rodgers, 466 U.S. 475, 481 (1984) (quoting 28 U.S.C. § 533(1)). This includes the unlicensed dealing or manufacturing of firearms in interstate commerce, see 18 U.S.C. § 922(a)(1), which is presumably the activity that the FBI suspected Irish was engaged.  Thus the matter was squarely within the jurisdiction the U.S. executive branch.  Therefore, it was not objectively unreasonable for counsel to refrain from pursuing the argument that Count Two was defective on this ground, because it would have been extraordinarily unlikely to succeed.

Irish also claims that his statement to the FBI agent was not material because there is no evidence of "how" the statement discussed above "had an effect or impact on the [FBI's] investigation."  He contends that the only evidence of

12

materiality the government had was the FBI agent's bare assertion that Irish's statement "[a]bsolutely" influenced his decision to move forward with his investigation.  Although the record reflects more evidence of materiality than just that statement alone, the FBI agent's statement alone would likely be sufficient.  As previously discussed, the government need not prove that the investigation was influenced by the statement, just that it "be of the kind" that could influence an investigation.  See Phillipos, 849 F.3d at 473.  Irish's statement that he had sold all of his weapons to a friend would very likely be considered "capable of influencing" the FBI's investigation.  Mehanna, 735 F.3d at 54.  Thus, an argument aimed at attacking the materiality prong of the § 1001 charge would have been extraordinarily unlikely to succeed.  Therefore, counsel was not objectively unreasonable in forgoing it.

2.   Prejudice

I am also unpersuaded by Irish's contention that he probably would have insisted on a trial but for counsel's alleged errors.  I reach this conclusion for several reasons.

First, Irish had a strong incentive to plead guilty.  His pleas eliminated any possibility that the dismissed counts would be reinstated and guaranteed him a below guideline, essentially time served sentence on the remaining charges.  At the time of

13

Irish's plea, his overriding interest was to leave prison as soon as possible and return to his wife and child. The only way he could guarantee that result was by pleading guilty. Thus, a rational person in Irish's position had good reasons to plead guilty to gain immediate release and avoid the risk of further criminal charges or a longer sentence.

Second, Irish was fully aware of the nature of his pleas when they were entered. When Irish gave up his right to a trial, he was aware of most of the evidence he now cites to support both his government misconduct defense and a possible attack on his wife's credibility.[8] Moreover, I explained to Irish when he pleaded guilty that he could not be found guilty of the false statement charge at trial unless the government proved that the statement serving as the basis for the charge was material. So he was reasonably aware that a claim that those statements were immaterial would have been an available defense had he proceeded to trial. Thus, Irish cannot credibly claim that he pleaded guilty because he was unaware of either the factual or legal grounds for his possible defenses.

---

[8] To the extent that Irish points to newly discovered evidence to support his argument, that evidence does not materially strengthen his argument. Accordingly, it does not affect my analysis.

14

Finally, no reasonable person in Irish's position would have foregone the benefits of a guilty plea to press the arguments he now faults counsel for failing to pursue. The record simply does not support a viable government misconduct defense and the substantial evidence supported the charges to which he pleaded guilty. Even if counsel had performed to Irish's standards, Irish would have faced near certain conviction on the pending charges, along with the likelihood of a substantially longer sentence, had he proceeded to trial.

Given all of the available evidence, I am not persuaded that Irish probably would have insisted on a trial but for counsels' alleged ineffective legal work. Accordingly, I deny Irish's § 2255 motion to the extent that it is based on his first ineffective assistance of counsel claim.

## B. Conflict of Interest

Irish also alleges that his counsel was ineffective based on a conflict of interest. A defendant's right to effective assistance of counsel includes the right to "conflict-free counsel," United States v. Ponzo, 853 F.3d 558, 574-75 (1st Cir. 2017), which is violated where an "actual conflict of interest adversely affects counsel's representation." Cardona-Vicenty, 842 F.3d 766, 772 (1st Cir. 2016) (quoting Bucuvalas v. United States, 98 F.3d 652, 656 (1st Cir. 1996)). An "actual conflict"

15

is something beyond a "mere theoretical division of loyalties." See Ponzo, 853 F.3d at 575.  Specifically, "[t]o show an actual conflict of interest, a defendant must demonstrate 'that (1) the lawyer could have pursued a plausible alternative defense strategy or tactic and (2) the alternative strategy or tactic was inherently in conflict with or not undertaken due to the attorney's other interests or loyalties.'"  Ponzo, 853 F.3d at 575 (quoting United States v. Colón-Torres, 382 F.3d 76, 88 (1st Cir. 2004)).

Irish specifically contends that his counsel's "polar opposite political views" and belief that certain semi-automatic weapons should be banned, constitute a conflict of interest that rendered his assistance ineffective.  Irish maintains that had his counsel shared his true political views with Irish prior to his plea, Irish would not have allowed the representation to continue.

Here, even assuming Irish's allegations to be true, there was no "actual conflict of interest" rising to the level of ineffective assistance of counsel.  Irish has not identified a "plausible alternative defense strategy or tactic" that was inherently at odds with his counsel's alleged political views. To the extent Irish argues that a plausible alternative defense tactic would have been proceeding to trial, there is no evidence

16

that counsel's advice that Irish should plead guilty was in anyway related to his alleged political views or views on semi-automatic weapons.  See Oyague v. Artuz, 274 F. Supp. 2d 251, 263 (E.D. N.Y. 2003).  Absent such evidence, Irish has not shown that his representation was adversely affected by any actual conflict of interest.  Accordingly, I deny Irish's § 2255 motion to the extent that it is based on this second ineffective assistance of counsel claim.

## II.    Improper Coercion

Finally, Irish argues that the government improperly coerced his guilty pleas by threatening to prosecute his wife. This argument is a nonstarter.  As the government notes, the First Circuit has determined that a guilty plea is not involuntary merely because it was induced by a threat to charge a third person if the defendant refused to abandon his right to a trial.  See United States v. Mescual—Cruz, 387 F.3d 1, 7 n.1 (1st Cir. 2004).  The only concern under the law is voluntariness, thus "[i]f a defendant elects to sacrifice himself [to protect someone close to him] that is his choice, and he cannot reverse it."  Mescual-Cruz, 387 F.3d 1 at 7-8. Accordingly, Irish cannot successfully attack the voluntariness

of his guilty plea by claiming it was by threats to prosecute his wife.

### III.  Conclusion

I do not doubt that Irish sincerely believes he was the victim of governmental misconduct.  Nor do I doubt that he regrets his decision to plead guilty.  A defendant, however, cannot successfully attack his guilty plea after he is sentenced except in unusual circumstances that are not present here.  Accordingly, I deny Irish's § 2255 motion (Doc. No. 1).

Because Irish has failed to make a substantial showing of the denial of a constitutional right, the court declines to issue a certificate of appealability.  See 28 U.S.C. § 2253(c)(2); R. Governing Sec. 2255 Proc. 11; First Cir. LR 22.0.

SO ORDERED.

/s/Paul Barbadoro
Paul Barbadoro
United States District Judge

October 19, 2017

cc:  Johnathon Irish, pro se
     Brandon D. Ross, Esq.
     Seth R. Aframe, Esq.

18