**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 10-1165

UNITED STATES,

Appellee,

v.

ESTEBAN RIVERA-LEBRON, a/k/a Junito,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Carmen Consuelo Cerezo, U.S. District Judge]

Before

Boudin, Howard and Thompson,
Circuit Judges.

Esteban Rivera-Lebron on brief pro se.
Nelson Pérez-Sosa, Assistant U.S. Attorney, Julia M. Meconiates, Assistant U.S. Attorney,and Rosa Emilia Rodriguez-Velez, United States Attorney, on brief for appellee.

February 28, 2011

**Per Curiam**.  After a thorough review of the record and of the parties' submissions, we affirm.  Appellant Esteban Rivera-Lebron ("Rivera") has waived his right to appeal the denial of his motion for a writ of audita querela because he failed to file an objection to the magistrate judge's Report and Recommendation.  See United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008).  That Report and Recommendation properly advised Rivera that a failure to object would amount to a waiver.  See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).

Furthermore, we see no plain error that would cause us to overlook the waiver.  See Thomas v. Arn, 474 U.S. 140, 155 (1985).  "The armamentarium of common-law writs [is] available only to fill whatever interstices exist in the post-conviction remedial scheme made available to federal prisoners by way of [28 U.S.C. §] 2255."  Trenkler v. United States, 536 F.3d 85, 97 (1st Cir. 2008).  Where a prisoner has filed a motion for relief under one of the common law writs, the court must examine the substance of the motion to determine whether the claim is one that would be cognizable under section 2255.  If so, the motion must satisfy the gate-keeping provisions of section 2255(h) in order for the motion to proceed. Id.

Rivera's motion clearly falls within the purview of section 2255, as he challenges the validity of his sentence under United States v. Booker, 543 U.S. 220 (2005).  The motion fails to

meet the gate-keeping requirements of section 2255. Rivera has already filed a first section 2255 motion, so the instant filing was, in essence, a second or successive section 2255 motion, and Rivera failed to request permission first from this court to proceed with his second or successive motion as required by 28 U.S.C. § 2255(h). Even if he had done so, the request would have been denied because the motion does not rely upon a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court or upon newly discovered evidence. See 28 U.S.C. § 2255(h)(1) & (2).

Affirmed. See 1st Cir. R. 27.0(c).