# United States Court of Appeals
## For the First Circuit

No. 15-1964

WILFREDO FELICIANO-RODRÍGUEZ,

Petitioner, Appellant,

v.

UNITED STATES,

Respondent, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Carmen Consuelo Cerezo, U.S. District Judge]

Before

Howard, Chief Judge,
Kayatta, Circuit Judge,
and Casper,* District Judge.

Carlos M. Sánchez La Costa for appellant.
Julia M. Meconiates, Assistant United States Attorney, with
whom W. Stephen Muldrow, United States Attorney, and Mariana E.
Bauzá-Almonte, Assistant United States Attorney, Chief, Appellate
Division, were on brief, for appellee.

January 19, 2021

_____
* Of the District of Massachusetts, sitting by designation.

**CASPER**, **District Judge**.  Petitioner-Appellant Wilfredo Feliciano-Rodríguez ("Feliciano") appeals from the denial of his petition under 28 U.S.C. § 2255 to vacate his sentence on the ground that he received ineffective assistance of counsel as to his rejection of a plea offer.  We need not resolve whether he has waived this claim, as the government contends, because we conclude that he has failed to show prejudice from any deficient performance by counsel and, accordingly, affirm the district court's denial of his petition.

**I.**

On March 11, 2004, Feliciano, along with eleven co-defendants, was named in a multiple-count, superseding indictment charging him with conspiracy to possess with intent to distribute controlled substances between in or about 1998 and March 11, 2004 in violation of 21 U.S.C. §§ 841, 846 and 860 (Count I); conspiracy to use, carry or possess a firearm in furtherance of a drug trafficking crime, namely the conspiracy charged in Count I, between in or about 1998 and March 11, 2004 in violation of 18 U.S.C. §§ 924(c) and 924(o) (Count II); and with two substantive counts of using, carrying or possessing a firearm in furtherance of the drug trafficking conspiracy charged in Count I on separate dates (April 10, 2003 and April 19, 2003, respectively), in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Counts IV and VI). The charges arose out of a drug enterprise operating in a public

housing project in Trujillo Alto in which Feliciano was alleged to be the co-leader and organizer of the enterprise.

Shortly after Feliciano's arrest on June 1, 2004, the Court appointed attorney Bruce McGiverin ("McGiverin") as his counsel. McGiverin served as Feliciano's counsel for approximately seven months. McGiverin moved to withdraw on January 27, 2005, three days after attorney Lorenzo J. Palomares-Starbuck ("Palomares"), counsel retained by Feliciano, had filed a notice of appearance. McGiverin's motion to withdraw was allowed on February 9, 2005, and Palomares represented Feliciano through trial and his initial sentencing.

Feliciano's trial date was continued several times. With the appearance of Palomares as new counsel, the court rescheduled trial for April 18, 2005. Shortly thereafter, Palomares moved to continue the trial. The court allowed the motion and eventually rescheduled the trial for Feliciano and one co-defendant for August 9, 2005. On July 28, 2005, Palomares filed a notice of readiness for trial. The trial scheduled to begin on August 9, 2005 did not proceed because of the unavailability of counsel for Feliciano's co-defendant. Accordingly, the Court rescheduled the trial for the two co-defendants for October 5, 2005.

On the eve of that trial date, counsel for both defendants indicated that their clients intended to plead guilty.

On October 3, 2005, Feliciano's co-defendant moved to vacate the trial date and set a plea hearing. That defendant's plea hearing was held the next day and the defendant pled guilty pursuant to a plea agreement under Fed. R. Crim. P. 11(c)(1)(A), (C), with a joint sentencing recommendation of 132 months. Also, on October 4, 2005, Palomares moved for a change of plea hearing for Feliciano. This motion was referred to a magistrate judge and the hearing was eventually scheduled for November 29, 2005. Although the court session was held that day, with Feliciano present, the plea hearing did not go forward. At that time, in Feliciano's presence, Palomares informed the magistrate judge that Feliciano wanted to proceed to trial "against counsel's advice." The case was sent back to the district judge and a new trial date of January 17, 2006 was set.

Feliciano's trial went forward on January 17, 2006, and after eleven days of trial, the jury found him guilty on all charges. At his November 6, 2006 sentencing, the court sentenced him to life imprisonment on Counts I and II, to be served concurrently, seven years on Count IV, and twenty-five years on Count VI, the latter two sentences to be served consecutively to each other and to the sentence on Counts I and II.

On direct appeal, this Court affirmed Feliciano's convictions on Counts I, II, and VI, but vacated the conviction on Count IV; affirmed his sentence on Count I, but vacated his

sentences on Counts II and VI and remanded for resentencing with instructions that the district court sentence Feliciano to not more than twenty years on Count II and sentence him to the statutory minimum mandatory term of five years on Count VI. United States v. Feliciano-Rodríguez, 525 F.3d 85, 92, 112 (1st Cir. 2008). Upon remand, Feliciano was sentenced to life imprisonment on Count I, 240 months on Count II, to be served concurrently with the sentence on Count I, and sixty months on Count VI to be served consecutively to the sentences on Counts I and II. On March 8, 2010, this Court affirmed this sentence. Upon Feliciano's later motion pursuant to 18 U.S.C. § 3582(c)(2), the district court reduced Feliciano's sentence on Count I to 360 months (with the sentences on Counts II and VI remaining the same) for a total sentence of 420 months.

Feliciano, acting *pro se*, filed a timely petition under 28 U.S.C. § 2255 for post-conviction relief. Among other things, he claimed ineffective assistance of counsel at trial and on appeal, including a ground based on a fifteen-year plea offer that Feliciano rejected, which is the subject of this appeal. The court referred the matter to a magistrate judge and appointed counsel for Feliciano. Thereafter, the magistrate judge held an evidentiary hearing on February 13, 2015 on this ground of the petition. Feliciano was the sole witness at the hearing. He testified that Palomares met with him several times during his

- 5 -

representation, but their discussions were related to trial preparation. Regarding the November 29, 2005 aborted plea hearing, Feliciano explained that he was surprised when he was transported to the courthouse since he was unaware that he had a court hearing that day. He was also surprised when Palomares informed him that he had a plea offer for him to sign. They had not previously discussed a plea offer and Feliciano had not authorized him to file a motion for a change of plea hearing. Feliciano did not have the opportunity to read the agreement, but Palomares explained that the offer was for fifteen years. Feliciano told Palomares that he had not had time to think about the plea offer. Palomares told him that if he did not want to sign it, he did not have to do so and could proceed to trial. Feliciano indicated that Palomares had told him that, in total, he could be facing forty to forty-five years in prison, if convicted at trial, but that he did not mention the possibility of life imprisonment. His conversation with Palomares about the plea offer was brief, and when they finished, they went to the courtroom.

Feliciano acknowledged that he had discussed the same plea offer of fifteen years with his prior counsel, McGiverin, who had similarly explained that he could be facing forty to forty-five years. Although he said that he had moved to dismiss McGiverin because "of the Spanish that he spoke," he understood

- 6 -

when McGiverin had explained the penalties that he would face. As he had with McGiverin, he complained to Palomares that one of his co-defendants, facing the same charges, had gotten a plea offer of twelve-and-a-half years. He acknowledged that he had not accepted the fifteen-year offer with McGiverin because he "thought that it was too much" and rejected it when Palomares presented it because he still wanted the twelve-and-a-half-year offer a co-defendant had received. Feliciano did not dispute that the only plea offer he ever received from the government was for fifteen years. Feliciano testified that Palomares told him that he had a "good case to go to trial" because they could challenge whether he was the individual in possession of a firearm shown on video that the government was going to offer at trial. Feliciano said that he would have proceeded differently if he had known what he was facing in going to trial and that he was exposed to the possibility of a life sentence.

The magistrate judge issued a Report and Recommendation ("R&R") denying the petition on all grounds. As to the claim regarding the plea offer, the magistrate judge concluded, applying the familiar Strickland v. Washington, 466 U.S. 668, 687 (1984) standard, that Palomares' performance was deficient in advising him as to the plea offer, but that Feliciano had failed to show he was prejudiced by such performance. As to the prejudice prong, the magistrate judge found that the fifteen-year plea offer had

- 7 -

been long-standing, Feliciano had received adequate assistance from his prior counsel, McGiverin, as to this offer, he had sufficient time to consider it, was aware of sentencing exposure much greater than fifteen years, and had consistently rejected the fifteen-year plea offer in the hope of receiving a twelve-year plea offer that another co-defendant had received. Moreover, Feliciano's rejection of the plea offer was measured against proceeding to trial on a misidentification defense, which was not a new one proffered by Palomares, but had been the theme of Feliciano's defense from his detention hearing through motion practice by McGiverin to exclude video evidence through Palomares' strategy at trial. The R&R recommended that the district court deny the petition and not issue a certificate of appealability as to any of the grounds that Feliciano raised. Pursuant to Fed. R. Civ. P. 72(d) and the Local Rules of the District of Puerto Rico, the R&R gave both parties fourteen days to file any objections to it and indicated that "[f]ailure to comply with this rule precludes further appellate review." Neither Feliciano nor the government filed any objections and the district court approved and adopted the R&R, denying the petition and declining to issue a certificate of appealability. On Feliciano's appeal, we allowed Feliciano's request for a certificate of appealability as to whether Palomares' performance in advising him whether to accept or reject the plea offer fell below the standard of care and whether any such failure

prejudiced him.

Even concluding, as we do, that Palomares' performance was deficient in this respect, we agree that Feliciano was not prejudiced as a result and, therefore, affirm denial of the petition.

## II.

As an initial matter, the government contends that appellate review is precluded by Feliciano's failure to object to the R&R. It is well settled that a failure to object to an R&R waives the right to seek appellate review of the ruling adopting its proposed findings of fact and conclusions of law. See Thomas v. Arn, 474 U.S. 140, 155 (1985). This rule is rooted in "sound considerations of judicial economy," such that the issues on appellate review are those objections that the district court had the opportunity to consider before adopting or rejecting the R&R in whole or in part. Id. at 147; see, e.g., Sands v. Ridefilm Corp., 212 F.3d 657, 663 (1st Cir. 2000) (concluding that plaintiff's failure to object to magistrate judge's recommendation that defendants were entitled to summary judgment on fraud claim waived any appellate review of the issue). In the wake of Thomas, we urged district courts "to give clear notice to litigants not only of the requirements that objections must be specific and be filed within [the specified time period] . . . , but that failure to file within the time allowed waives the right to appeal the

district court's order . . . [and that] these matters should . . . [be] incorporated into the text or a footnote of the magistrate's [R&R]." United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986). The magistrate judge gave such clear notice here, citing Thomas and its progeny, warning both parties that failure to object within fourteen days of the party's receipt of the R&R precludes further appellate review.

Notwithstanding such clear notice, Feliciano contends that we may excuse such default and should do so here where we granted a certificate of appealability ("COA"). Since the waiver rule is non-jurisdictional, a court "may excuse the default in the interests of justice." Thomas, 474 U.S. at 155; see United States v. Rivera-Lebron, 410 F. App'x 352, 353 (1st Cir. 2001) (suggesting that "plain error" could excuse the waiver) (citing Thomas, 474 U.S. at 155)); see also Valencia v. United States, 923 F.2d 917, 922 (1st Cir. 1991) (considering the voluntariness of petitioner's guilty plea even though he had failed to object to the magistrate judge's failure to address the issue in his R&R). Whether a party's waiver should be excused in the interests of justice, however, is a separate and distinct determination from whether this Court grants a COA. For the latter showing, a petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). A "substantial showing" means "that the

issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further." Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983) (internal quotation marks, alterations, and citations omitted). Here, we found this standard had been met as to whether Palomares' counsel to Feliciano about whether to accept or reject a plea offer was deficient and whether such deficiency prejudiced him. Even having done so after careful review, this is a threshold determination that "is not coextensive with a merits analysis" and is done "without 'full consideration of the factual or legal bases'" in support of the claim. Buck v. Davis, __ U.S. __, 137 S. Ct. 759, 773 (2017) (quoting Miller-El, 537 U.S. at 336). The same could be said of the defenses to such claim, including the waiver of appellate review of this claim as now pressed by the government. Cf. McLaughlin v. Corsini, 577 F.3d 15, 19 n.3 (1st Cir. 2009) (declining to find matter waived where although petitioner did not object to R&R, the defendant did not raise waiver issue on appeal). Accordingly, it does not necessarily follow that the issuance of a COA excuses a party's failure to object to the R&R.

We need not reach whether the gravity of the issue that Feliciano raises here (or the failure of his counsel at the time, not Palomares, to object to the R&R) warrants excusing his waiver since even assuming that Feliciano's waiver is excused, his claim

- 11 -

of ineffective assistance of counsel fails on the merits.  See
United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008)
(concluding that petitioner had waived right to challenge
admission of Fed. R. Evid. 404(b) evidence on appeal having failed
to object to R&R but addressing issue on the merits).

**III.**

Upon review of the denial of a § 2255 petition, we review
the district court's findings of fact for clear error and
conclusions of law *de novo.*  Moreno-Espada v. United States, 666
F.3d 60, 64 (1st Cir. 2012).

Feliciano claims that Palomares provided ineffective
assistance of counsel when he failed to give him sufficient time
to consider a plea offer and failed to advise him of the exposure
to a life sentence and that, but for these errors, he would have
accepted the plea offer of fifteen years.  To prevail on a Sixth
Amendment claim of ineffective assistance of counsel, Feliciano
must show that his "counsel's representation fell below an
objective standard of reasonableness" and that such deficiency
prejudiced him.  Strickland, 466 U.S. at 688, 692.

As to the performance prong of Strickland, the district
court found that attorney Palomares' representation as to the
rejected plea offer fell below an objective standard of
reasonableness.  We find no reason to disturb this finding.  In
our consideration of this matter, we are mindful that there is a

- 12 -

"strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  Id. at 689; Smullen v. United States, 94 F.3d 20, 23 (1st Cir. 1996).  Accordingly, we will find an attorney's performance deficient "only where, given the facts known at the time, counsel's choice was so patently unreasonable that no competent attorney would have made it." Knight v. Spencer, 447 F.3d 6, 15 (1st Cir. 2006) (internal quotation marks omitted).  Here, the district court found that Palomares provided ineffective assistance of counsel to Feliciano insofar as there was "never any meaningful discussion" between the two about the fifteen-year plea offer that his prior counsel, McGiverin, had previously presented and discussed with him and which Feliciano rejected.  There is no clear error as to this finding and neither party offers a reason for this Court to find otherwise.[1]  See Missouri v. Frye, 566 U.S. 134, 149 (2012). Accordingly, the Court proceeds to whether such deficient performance prejudiced Feliciano.

Even where an attorney's performance is deficient, a petitioner may only prevail on his claim if he also shows that he was prejudiced by same.  That is, he must "show that there is a

_____

[1] Like Feliciano, the government failed to object to the R&R, including the finding that Palomares' performance was deficient. Although the government contends that it did not concede the issue below, it does not offer any grounds to excuse the waiver of this issue on appeal and does not contest the district court's finding as to the first prong of Strickland in its brief.

reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Strickland, 466 U.S. at 694. This is a "'highly demanding' and 'heavy burden,'" meaning that "'[a] reasonable probability is a probability sufficient to undermine confidence in the outcome.'" Williams v. Taylor, 529 U.S. 362, 394 (2000) (quoting Strickland, 466 U.S. at 694). Given that the allegedly deficient conduct concerned Feliciano's rejection of a plea offer, he:

> must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under that the judgment and sentence that in fact were imposed.

Lafler v. Cooper, 566 U.S. 156, 164 (2012); see Frye, 566 U.S. at 149-50. We find no clear error with the district court's finding that Feliciano failed to make this showing here.

Undoubtedly, the fifteen-year plea offer was less severe than the life sentence that Feliciano originally received or the reduced, but still substantial, sentence of 420 months that Feliciano is now serving. But such showing is not enough to satisfy the prejudice prong under Strickland. Significantly, Feliciano has not shown that he would have accepted the plea offer but for Palomares' deficient counsel. In fact, he rejected the same offer when presented by prior counsel, McGiverin, because he

- 14 -

thought that the government should have offered him a lower sentence of twelve-and-a-half years as it had for a co-defendant. Although Feliciano testified that he would have taken the plea offer if he had understood his sentencing exposure could be life imprisonment, the district court not crediting this testimony was not clearly erroneous. Awon v. United States, 308 F.3d 133, 141 (1st Cir. 2002) (citing the clear error standard and noting that "[o]ur deference is even greater where, as here, the factual findings are based on credibility determinations"). The government's plea offer remained constant from the time that McGiverin communicated it to him to when Palomares did so on the day of the November 29, 2005 plea hearing that did not go forward. Moreover, fifteen years was the one and only plea offer from the government. Despite the passage of time between the communication of the offer by McGiverin and then by Palomares, Feliciano's response did not change; he wanted a lower plea offer from the government and he did not get one, which is perhaps not surprising given the leadership role the government alleged that he played in the drug trafficking enterprise. The district court not crediting Feliciano's contention that he did not have sufficient time to consider this offer and discuss it with his family was not clearly erroneous given this sequence of events. Similarly, its finding that it "strains credulity" that Feliciano was not aware of his sentencing exposure, given the general practice of the magistrate

- 15 -

judges in the District of Puerto Rico of informing a defendant of the maximum penalties for his charges at his initial appearance, was reasonable particularly when coupled with the finding that "it is unreasonable and unbelievable to think that counsel McGiverin would discuss the minutiae of exposure per count, as [Feliciano] concedes, without reaching the minimums and maximums." Even if the prediction that he would get a forty to forty-five-year sentence if convicted at trial turned out to be inaccurate as to his initial sentence, such prediction does not amount to prejudice here. See Moreno-Espada, 666 F.3d at 65. That is particularly true where, aware of that prediction (even when he professes ignorance of exposure to a life sentence then), Feliciano rejected the fifteen-year plea offer first after several discussions about it with McGiverin (whom the district court found did not render ineffective assistance of counsel) and again after his briefer discussion with Palomares about the same offer. That is, the record reflects Feliciano's rejection of the plea offer even before Palomares' deficient performance. To the extent that Feliciano contends that but for Palomares' counsel that he had a good defense he would not have proceeded to trial, this assertion also strains credulity where Palomares advised the court at the November 29, 2005 hearing that Feliciano wanted to do so against his advice. For all of these reasons, we find no error in the district court's finding or its conclusion that Feliciano failed to satisfy the

prejudice prong of <u>Strickland</u>.

We **<u>affirm</u>** the decision of the district court and Feliciano's petition for habeas corpus is **<u>denied</u>**.